UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

IN RE:                                                                                          CASE NO.: 18-14679-JKO

STAMIKE GLARENTZOS,                                                           Chapter 11

Debtor
_____/

## DEBTOR'S PLAN OF REORGANIZATION

Stamike Glarentzos submits to her creditors her Plan of Reorganization (the "Plan"), consistent with the Court approved Disclosure Statement (the "Disclosure Statement"), pursuant to Chapter 11 of title 11, United States Code.

## ARTICLE 1
## DEFINITIONS

Except as otherwise indicated, the terms used in the Code and applicable Bankruptcy Rule will have the meanings provided for therein. In addition, the following terms will have the following meaning:

"Administrative Claimant" will mean any person entitled to payment of an administrative expense.

"Administrative Expense" will mean any cost or expense of administration of the Chapter 11 cases entitled to priority under §507(a)(2) and allowed under §503(b) of the Code, including without limitation, any actual and necessary expenses of preserving the Debtor's Estate, and actual and necessary expenses of operating the properties of the Debtor to the extent allowed by the Bankruptcy Court under the Bankruptcy Code and any fees or charges assessed against any of the Debtor's Estate under Chapter 11, Title 28, United States Code.

"Allowed Claim" will mean a claim as defined in Section 101(5) of the Code with respect

to which a Proof of Claim has been filed with the Court within the applicable period of limitation fixed by Bankruptcy Rule 3003, or scheduled in the list of creditors prepared and filed with the Court, pursuant to Bankruptcy Rule 1007(b), and not listed as disputed, contingent or unliquidated as to amount and in either case, as to which no objection to the allowance thereof has been filed within any applicable period of limitation.

"Allowed Priority Claim" will mean an Allowed Claim entitled to priority under §507(a) of the Code.

"Allowed Priority Tax Claim" will mean an Allowed Priority Claim entitled to priority under §507(a)(8).

"Allowed Priority Wage Claim" will mean an Allowed Priority Claim entitled to priority under §507(a)(4).

"Allowed Secured Claim" will mean an Allowed Claim which is secured by a lien on property of the Estate of the Debtor or on the proceeds thereof, and which is valid, perfected and enforceable under applicable law and is not subject to avoidance under the Code or applicable non-bankrupcty law.

"Allowed Unsecured Claim" will mean an Allowed Claim against the Debtor which is not an Administrative Expense, Allowed Priority Claim, Allowed Secured Claim or the claim of an equity security interest holder.

"Bankruptcy Rules" will mean the rules of bankruptcy procedure governing cases under Title 11 of the United States Code as from time to time amended.

"Case" will mean these Chapter 11 Proceedings commenced by the Debtor on the Petition Date.

"Code" will mean the Bankruptcy Reform Act of 1978, 11 U.S.C. §101, et. seq., as amended.

"Confirmation or Confirmation Date" The date of the entry of an Order by the

Bankruptcy Court confirming this Plan; provided such Order becomes final.

"Court" will mean the United States Bankruptcy Court for the Southern District of Florida, having jurisdiction over the Case.

"Debtor's Estate" will mean all property of the Estate as defined by 11 U.S.C. §541.

"Effective Date" will mean a Date which is thirty (30) days from the Confirmation Date.

"Escrow Agent" will mean Kiem Law,  P L L C

"Escrow Fund" will mean the attorney trust bank account maintained by the Escrow Agent.

"Final Order" will mean an Order of the Bankruptcy Court as to which: a) any appeal has been taken has been finally determined or dismissed; b) the time for appeal has expired and no Notice of Appeal has been filed; or c) if an appeal, re-argument, certiorari, or rehearing thereof has been sought, such Order has not been stayed.

"Petition Date" will mean April 20, 2018.

"Rejection Claim" will mean a claim arising under §502(g) of the Code from the rejection of an executory contract or unexpired lease of the Debtor.

"Reorganized Debtor" will mean "Stamike Glarentzos" after the Confirmation of the Plan proposed herein.

## ARTICLE 2
## ADMINISTRATIVE EXPENSES

Administrative Expenses of the type specified in 11 U.S.C. §503, §506(c) and §507(a)(2) which are authorized and allowed by the Court will be paid in full at Confirmation or as otherwise agreed upon between the parties.  Kiem Law PLLC was paid a fee retainer of $10,500.00 and cost retainer of $1,717 for a total retainer of $12,217, of which on the Petition Date $8,042 of the fee retainer and $0 of the cost retainer for a total retainer of $8,042 remains. All fees for professional compensation payable from Debtor's funds are subject to Court

approval.

All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Specifically, the Debtor will pay the U.S. Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6), through the date of confirmation of the Plan, within fourteen (14) business days of the entry of an order confirming the Plan. Furthermore, the Debtor (as reorganized) will file with the Court post-confirmation Quarterly Operating Reports and pay the U.S. Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) for post-confirmation periods within the time period set forth in 28 U.S.C. § 1930(a)(6), based upon all post-confirmation disbursements, until the earlier of the closing of this case by the issuance of a Final Decree by the Bankruptcy Court, or upon the entry of an Order by the Bankruptcy Court dismissing this case or converting this case to another Chapter under the U.S. Bankruptcy Code.

## ARTICLE 3
## PRIORITY CLAIMS

<u>Secured and Priority Tax Claims</u>. Allowed Priority Tax Claims under Section 507(a)(8) of the Bankruptcy Code shall be paid, in accordance with Section 1129(a)(9)(C) and (D) of the Bankruptcy Code, One Hundred Percent (100%) of the Allowed amount of the Claim over a period ending not later than five (5) years after the Petition Date.

## ARTICLE 4
## CLASSIFICATION AND TREATMENT OF CLAIMS

**CLASS 1** will consist of the Allowed Secured Claim of CIT BANK, N.A., FKA ONEWEST BANK, N.A., FKA ONEWEST BANK, FSB (" CIT") in the amount of

$950,000.00 (Nine Hundred and Fifty Thousand Dollars and Zero Cents) which is secured by the Debtor's real estate located at 932 N. Northlake Drive, Hollywood FL (the "Northlake Property"). The value of the Debtor's North Lake Property is $950,000.00 pursuant to an Order Granting Motion to Value and Determine Secured Status of Lien on Real Property (ECF No. 33). CIT shall retain its liens to the extent of its Allowed Secured Amount.

Accordingly, the monthly 5-year plan payments to CIT shall be calculated based on the Allowed Secured Claim of $950,000.00 amortized over 30 years at a 3.5% fixed rate of interest, which is $4,265.92 per month for principal and interest. Additionally, real estate taxes (annual amount estimated at $11,266.00 which is $938.83 per month) that accrued from the Petition Date to the Effective Date (estimated at approximately $5,632.98) will be paid on the Effective Date and all real estate taxes accrual thereafter will be paid monthly at the rate of $938.83 per month.

Therefore, on the Effective Date, the Debtor will make the monthly payment of $4,265.92 in principal and interest along with $938.83 per month towards the real estate tax accruing since the Petition Date for a total monthly payment of $5,204.75 for 5 years. By the end of the 5 years, Debtor will either refinance or sell the Northlake Property and payoff the balance of the Allowed Secured Claim with CIT releasing all its liens at that time, without any prepayment penalty.

CIT's unsecured, deficiency claim is $0.00. The deficiency claim is $0.00 based on the Consent Final Judgment of Mortgage Foreclosure dated 8/21/2014 and recorded at OR BK 51035 PG 1091 in the Official Records of Broward County Florida, which provides that CIT will not seek a deficiency against the Debtor. Furthermore, CIT has not filed a claim in the case and does not have an Allowed Unsecured Claim. See the Order Granting Motion

to Value and Determine Secured Status of Lien on Real Property (ECF No. 33).

**CLASS 2** will consist of the Allowed Secured Claim of Home Federal Bank of Hollywood ("Home Federal") which is secured by a first mortgage lien on real property located at 18-22 SW 11th Street Dania Beach FL, which is currently the Debtor's homestead. This claim will be kept current. The Plan will not impair the lien of Home Federal and Home Federal will retain all of its rights under state law. There is no discharge or release of Ms. Glarentzos personal liability for the claim of Home Federal. Debtor shall leave unaltered the legal and contractual obligations owed to this claimant.

**CLASS 3** will consist of Allowed Unsecured Claims, Debtor shall distribute the sum of $5,000.00 pro-rata and without interest to all allowed Class 3 claimants in one lump sum on the Effective Date.

**CLASS 4** will consist of the individual Debtor who will not receive any distribution under the plan.

## ARTICLE 5
## MEANS OF IMPLEMENTATION

5.1     <u>Short Term Implementation.</u> Prior to Confirmation the Debtor will establish an Escrow Fund to be maintained by the Escrow Agent, Kiem Law, PLLC. Debtor will deposit sufficient funds into the Escrow Fund to pay Administrative Expenses and make the first payment to all classes as set forth herein. The Escrow Agent will be discharged after making the distribution required by the Plan, without further Order of the Court.

5.2     <u>Long Term Implementation.</u> Distributions will be made from the Debtor's earnings from rental income and from support the Debtor receives from her daughter Lily Glarentzos, which includes income generated from the lease agreement between the Debtor

and Illios LLC, which is a Florida Company controlled by the Debtor's daughter Lily Glarentzos.  The Debtor's daughter has experience in managing rental properties and is well suited to manage the Northlake Property.

## ARTICLE 6
## ACCEPTANCE OR REJECTION OF PLAN

**6.1**     Impaired Classes to Vote. Each impaired class of creditors with claims against the Debtor's Estate will be entitled to vote separately to accept or reject the Plan. **All Classes except for Class 2 are impaired and entitled to vote.**

6.2     Acceptance by Class of Creditors. A Class of creditor will be deemed to have accepted the Plan if the Plan is accepted by at least two-thirds (2/3) in amount and more than one-half (½) in number of the Allowed Claims of such Class.

6.3     Cramdown. In the event that the impaired Class of creditors with claims against any of the Debtor's Estate will fail to accept the Plan in accordance with §1129(a) of the Bankruptcy Code, the Debtor will request the Bankruptcy Court to confirm the Plan in accordance with §1129(b) of the Bankruptcy Code.

## ARTICLE 7
## EXECUTORY CONTRACTS

Any executory contract or unexpired lease not specifically assumed is deemed rejected upon confirmation of this Plan.  The Debtor assumes all lease agreements where the Debtor is the lessor and or landlord.

## ARTICLE 8
## PROCEDURES FOR RESOLVING DISPUTED CLAIMS AND REJECTION CLAIMS

8.1     Provisions for Treatment of Disputed Claims. Notwithstanding any other

provision of the Plan, no cash or other property shall be distributed under the Plan on account of any Disputed Claim, whether or not such Claim is disputed in part, only. The Debtor shall file and serve objections to Claims when and as required by Rule 3007-1(B) of Local Rules for the United States Bankruptcy Court for the Southern District of Florida or as provided for in any order from the Bankruptcy Court.   To expedite distributions pursuant to the Plan and avoid undue delay in the administration of the Chapter 11 Case, on request of the Debtor, the Bankruptcy Court may estimate, pursuant to Section 502(c) of the Bankruptcy Code, the amount of any Disputed Claim for which funds are to be set aside.

8.2 Provision for Rejection Claims. In the event the rejection of a contract gives rise to a Rejection Claim not otherwise provided for herein, the holder of such claim must file such claim within thirty (30) days following the rejection of said contract or the Confirmation Hearing whichever occurs first. Such claim must, in addition to its filing with the Bankruptcy Court, be served upon the undersigned attorneys for the Debtor.

## ARTICLE 9
## PROVISIONS FOR FUTURE MANAGEMENT
## ARTICLES OF INCORPORATION AND BY-LAWS OF THE DEBTOR

9.1 Officers and Directors. Debtor is an individual.

9.2 Articles of Incorporation and By-Laws. Debtor is an individual.

## ARTICLE 10
## RETENTION OF JURISDICTION AND RESERVATION OF RIGHTS

The assets of the Debtor will remain subject to the jurisdiction of the Bankruptcy Court until the Effective Date. From and after Effective Date, the Bankruptcy Court will retain and have exclusive jurisdiction over the Reorganized Debtor for the purpose of determining disputes arising under this Plan, including, but not limited to, (a) to determine

all disputes relating to claims and the allowance and amount thereof; (b) to consider and allow any and all applications for compensation for professional services rendered and disbursements incurred in connection therewith, during the pendency of the Chapter 11; (c) to determine any and all pending applications, motions, adversary proceedings, and contested or litigated matters pending on the Effective Date and arising in or related to this Plan; (d) to modify this Plan as provided or to remedy any defect or omission or reconcile any inconsistency in the Confirmation Order; (e) to enforce the provisions of this Plan relating to the distributions to be made; and (f) to issue such Orders as may be necessary to effectuate the consummation and full and complete implementation of this Plan.

**Reservation of Rights Under Sections 1141(d)(5) and 350(a)**. The Debtor reserves the right, after confirmation, to seek the closing of this bankruptcy proceeding prior to the entry of an Order of Discharge, upon the payment of the initial payment under the Plan, payment of all outstanding quarterly United States Trustees Fees, and the filing of any outstanding federal income tax returns. Such a request may be granted only upon notice and hearing, with notice to all creditors and interested parties. If such request is granted, then upon the satisfaction of all payments required to be paid inside the Plan to Class 3 creditors, the Debtor may file a motion to reopen this bankruptcy proceeding, pursuant to 11 U.S.C. § 350(b), and the Court may then grant the Debtor a discharge, pursuant to 11 U.S.C. § 1141(d)(5). This paragraph only preserves the Debtor's right to seek the relief described above and does not conclusively grant such relief.  Notwithstanding the foregoing, the Debtor may seek entry of her discharge without closing the case or waiting for the expiration of the 5 years.  Creditors' and interested parties' rights to object to such relief shall similarly be preserved until such time as it is requested by the Debtor after confirmation.

## CHAPTER 11
## MISCELLANEOUS PROVISIONS

11.1    Discharge of Debtor. The rights afforded in the Plan and the treatment of all creditors herein will be in exchange for and in complete satisfaction, discharge and release of the claims of any nature whatsoever, including any interest accrued thereon from and after the Petition Date, against the Debtor, including as the Debtor in Possession, or any of her assets or property. Except as otherwise provided herein, all such claims against the Debtor, including as the Debtor in Possession, will be satisfied, discharged and released in full in accordance with §1141(d) (5)(A) of the Bankruptcy Code. All creditors will be precluded from asserting against the Debtor or her respective assets or property any other or further Claim based upon any acts or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date.

11.2    Title to Assets: Discharge of Liabilities. Except as otherwise provided by the Plan on the Confirmation Date, title to all property dealt with by the Plan will vest in the Debtor, as the case may be, in accordance with §1141 of the Bankruptcy Code, free and clear of all claims and the Order confirming the Plan will be a judicial determination of discharge of the Debtor's liabilities, except as provided in the Plan.

11.3    Effect of Discharge on the Rights Between Third Parties. If the Plan is confirmed, the provisions of the Plan will bind the Debtor and all creditors, whether or not they accept the Plan.

11.4    Filing of Additional Documents. On or before the Effective Date, the Debtor will file with the Bankruptcy Court such any documents that will be necessary to effectuate the Plan.

11.5	<u>Unclaimed Distributions</u>. If any distribution to a holder of an Allowed Claim pursuant to the Plan remains unclaimed for a period of ninety (90) days after such distribution has been delivered to the holder entitled thereto, the Allowed amount of the Claim upon which such distribution was made shall be canceled and not be entitled to any further distributions hereunder. A distribution of funds is unclaimed if, without limitation, the holder of a Claim entitled thereto does not cash a check or returns a check or if the check mailed to the holder at the address in the Schedules or Amended Schedules or set forth in any proof of claim filed by such holder is returned by the United States Postal Service or any other country's postal service as undeliverable. Any such unclaimed distributions shall be forfeited by the holder and be re-deposited into the Reorganized Debtor's accounts pursuant to Section 347(b) of the Bankruptcy Code.

11.6	<u>Section Headings.</u> The section headings contained in the Plan are for reference purposes only and will not in any way affect the meaning or interpretation of the Plan.

                                                                    *s/Stamike Glarentzos*
                                                                              Debtor

**KIEM LAW, PLLC**
Attorney for Debtor In Possession
8461 Lake Worth Road, Suite 114
Lake Worth, Florida 33467
Telephone: 561-600-0406
Facsimile:   561-763-7355
Email: tarek@kiemlaw.com

                By:   /s/ Tarek K. Kiem
                      Tarek K. Kiem
                      Florida Bar No 0637041

Dated: September 4, 2018