UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA – FORT LAUDERDALE DIVISION

CASE NO. 18-14679-JKO
CHAPTER 11

IN RE:

STAMATIKE GLARENTZOS
AKA MATINA GLARENTZOS
AKA STAMFIKA GLARENTZOS
AKA TINA GLARENTZOS,

    Debtors
_____/

### CIT BANK, N.A.'s MOTION TO ALLOW LATE CLAIM (CLAIM NO. 7)

COMES NOW, CIT Bank, N.A. f/k/a Onewest Bank, National Association ("Secured Creditor"), by and through its undersigned counsel, moves pursuant to Rule 9006(b)(1) and Fed. R. Bankr. P. 9013 and basis hereinafter stated, requests that the Court determine that its late filed Proof of Claim No. 7 be deemed to have been timely filed, and as grounds therefore would state as follows:

#### Background

1.    On April 20, 2018, the Debtor commenced this bankruptcy case by filing a petition for relief under Chapter 11 of the United States Bankruptcy Code.

2.    Secured Creditor holds a first mortgage lien on Debtors' real property, located at 932 N Northlake Drive, Hollywood, Florida 33019, by virtue of a Mortgage which is recorded in Broward County, Florida, under in Official Records Book 34907, Page 1611.

3.    The claims bar date was August 15, 2018 and a Proof of Claim (No. 7) was filed by Secured Creditor on September 24, 2018, which claim contemplates $505,695.71 in arrears, together with a total secured claim of $1,448,509.67.

## LEGAL ARGUMENT

4.       A secured creditor holding a security interest in real property is not required to file a proof of claim to enforce its lien against the property. Federal Rule of Bankruptcy 3002(a) only requires that "an unsecured creditor or an equity security holder must file a proof of claim or interest to be allowed...", and the Notes of the Advisory Committee on Rules (1983) further clarify subparagraph (a) of this rule, noting that "a secured claim need not be filed or allowed under Sec. 502 or Sec. 506(d), unless a party in interest has requested a determination and allowance or disallowance under Sec. 502."

5.       Some courts hold that a secured creditor need not file a proof of claim at all in order to have an allowed claim.[1]

6.       Moreover, Fed. R. Bankr. P. 9006(b) provides in pertinent part that, if a party moves the court for permission to act after having missed a deadline, the court "may at any time in its discretion...permit the act to be done where the failure to act was the result of excusable neglect."

7.       In addition, the United States Supreme Court has held that said Rule 9006(b) authorizes this Court to accept late proof of claim filings that are the result of "excusable neglect," and "contemplates that courts are permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond party's control."[2]

8.       The Court then explained that the court's determination of whether the neglect is "excusable" should be an equitable one, whereby a court should "take account of all relevant

---

[1] *See In re Babbin*, 156 B.R. 838, 848-49 (Bankr. D. Colo. 1993); *In re Harris*, 64 B.R. 717 (Bankr. D. Colo. 1994). *In re Mehl*, 04-85570, 2005 WL 2806676, at *3 (Bankr. C.D. Ill. Oct. 25, 2005).; *In re Hudson*, 260 B.R. 421 (Bankr. W.D. Mich. 2001); *In re Strong*, 203 B.R. 105, 78 A.F..T.R.2d 96-7667 (Bankr. N.D. Ill. 1996).
[2] *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380 (1993)

circumstances surrounding the party's omission."[3]  The Court provided that the circumstances to consider include: (1) the danger of prejudice to the Debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.[4]

9.  In review of the foregoing factors, as to the 1st factor, there is no danger of prejudice to the Debtor. The Debtor is well aware of the status of this debt given Debtor consented to a final Judgment of Foreclosure in the amount of $1,246,648.89 when entered on August 24, 2014 and then Debtor filed a bankruptcy in August 17, 2015 under case # 15-24839-RBR, which case was dismissed on June 30. 2017.  Then, on the eve of a reset foreclosure sale, the current bankruptcy was filed. A proof of claim in the amount of $1,296,522.04 was filed in the previous bankruptcy.

10.  As to the second factor, length of delay and impact on the proceedings. The Proof of claim was filed 42 days after the bar date. Per the Debtors Debtor's Chapter 11 Disclosure Statement There is only one other secured creditor, Home Federal Bank of Hollywood, and that creditor will be "kept current" under the proposed Plan (Doc. No. 43). There are four unsecured creditors noted and the priority clam of the IRS.  There will be no prejudice to any of these creditors given, by way of its claim and challenge to the determination of the secured status of Secured Creditor's collateral, impact would be effectively confined to the amount of the secured claim of Movant. This Chapter 11 case has been pending for only 6 months and it is anticipated that the issues raised by Secured Creditor can be resolved prior to a Confirmation hearing set in the normal course.

---

[3] *Pioneer,* 507 U.S. at 395.
[4] Id.  See also *In re Intelligent Medical Imaging, Inc.*, 262 B.R. 142, 145 (Bankr. S.D. Fla. 2001).

11. As to the third factor, reason for the delay and reasonable control. A significant factor is that the only address for Secured Creditor noted on the Certificate of Notice of Bankruptcy (see attached **Exhibit "A"**) is a Post Office Box attributed to a company called Lonestar Servicing, LLC. The current servicer, for Secured Creditor is LoanCare, LLC and the Notice of Chapter 11 Bankruptcy Case commencement setting critical dates, including the Proof of Claim bar date was sent only to that aforementioned PO Box address. An affidavit of Good Cause is attached in further support of this motion. (see attached **Exhibit "B"**)

12. As to the fourth factor under *Pioneer*, Secured Creditor is acting in good faith and only seeks the opportunity for its claim and the valuation thereof to be determined on the merits.

**13.** Secured Creditor is also seeking to set aside the related Order Granting Motion to Value and Determine Secured Status of lien on Real Property (DE 33) by way of its Motion to Vacate the Order Granting Motion to Value and Determine Secured Status of Lien on Real Property and Secured Creditor requests that Motion to be considered as well in making a final determination as to the allowed claim amount for this creditor.

**WHEREFORE,** In light of the foregoing, Secured Creditor respectfully requests that the Court grant its Motion, deem its Proof of Claim No. 7 to be timely filed, and for such other and further relief as the Court deems just and proper.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1 (A).

**Kahane & Associates, P.A.**
8201 Peters Road, Suite 3000
Plantation, Florida 33324
Telephone: (954) 382-3486
Telefacsimile: (954) 382-5380

By: _____
☐ Gregg S. Ahrens, Esq., Fla. Bar No.: 352837

**I HEREBY CERTIFY** that a true and correct copy of the Motion to Allow Late Filed Claim was delivered to the addressees on the attached mailing list by First Class U. S. Mail postage pre-paid and/or by Electronic Filing this 22 day of October, 2018.

Respectfully Submitted,

**Kahane & Associates, P.A.**
8201 Peters Road, Suite 3000
Plantation, Florida 33324
Telephone: (954) 382-3486
Telefacsimile: (954) 382-5380

By: _____
☐ Gregg S. Ahrens, Esq., Fla. Bar No.: 352837

**Mailing List**

Stamatike Glarentzos
22 SW 11th St., #2
Dania Beach, Florida 33004

Kiem Law, Pllc
Tarek K Kiem, Esq.
Attorney for Debtor
8461 Lake Worth Road, Ste 114
Lake Worth, Florida 33467

U.S. Trustee
Office of the US Trustee
51 SW 1 Avenue, Suite 1204
Miami, Florida  33130

**\*\*all creditors on attached mailing matrix**

18-02254-Loancare

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-0<br>Case 18-14679-JKO<br>Southern District of Florida<br>Fort Lauderdale<br>Wed Sep  5 12:56:55 EDT 2018 | Home Federal Bank of Hollywood<br>c/o Alexis S. Read<br>Dunn Law, P.A.<br>555 NE 15th Street, Suite 934-A<br>Miami, FL 33132-1465 | Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 |
| American Express National Bank<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern  PA 19355-0701 | Ars Account Resolution<br>1643 NW 136th Ave Ste 1<br>Sunrise, FL  33323-2857 | CIT Bank, N.A., fka OneWest Bank FSB<br>PO Box 9013<br>Addison, TX  75001-9013 |
| (p)CAPITAL ONE<br>PO BOX 30285<br>SALT LAKE CITY UT 84130-0285 | Capital One<br>Attn: Bankruptcy<br>PO Box 30285<br>Salt Lake City, UT  84130-0285 | Capital One Bank (USA), N.A.<br>PO Box 71083<br>Charlotte, NC  28272-1083 |
| Credit One Bank<br>ATTN: Bankruptcy<br>PO Box 98873<br>Las Vegas, NV  89193-8873 | Credit One Bank NA<br>PO Box 98875<br>Las Vegas, NV  89193-8875 | Discover Bank<br>Discover Products Inc<br>PO Box 3025<br>New Albany, OH  43054-3025 |
| Discover Fin Svcs LLC<br>PO Box 15316<br>Wilmington, DE  19850-5316 | Discover Financial<br>PO Box 3025<br>New Albany, OH  43054-3025 | Home Federal Bank of Hollywood<br>900 N Federal Hwy<br>Hallandale Beach, FL 33009-2545 |
| Home Federal Bank of Hollywood<br>PO Box 3930<br>Hallandale, FL  33008-3930 | Internal Revenue Service<br>Centralized Insolvency Operation<br>PO Box 7346<br>Philadelphia, PA  19101-7346 | Kahane & Associates, P.A.<br>8201 Peters Rd Ste 3000<br>Plantation, FL  33324-3292 |
| Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 | Syncb/Rooms to Go<br>Attn: Bankruptcy<br>PO Box 965060<br>Orlando, FL  32896-5060 | Syncb/Rooms to Go<br>PO Box 965036<br>Orlando, FL  32896-5036 |
| Stamatike Glarentzos<br>22 SW 11th St<br># 2<br>Dania Beach, FL 33004-4223 | Tarek K Kiem<br>Kiem Law, PLLC<br>8461 Lake Worth Road<br>Suite 114<br>Lake Worth, FL 33467-2474 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Capital One
15000 Capital One Dr
Richmond, VA  23238-1119

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(d)Synchrony Bank                          End of Label Matrix
c/o PRA Receivables Management, LLC        Mailable recipients    22
PO Box 41021                               Bypassed recipients     1
Norfolk VA 23541-1021                      Total                  23
```